```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| JOSE PEREZ-PEREZ,<br><br>     Petitioner,<br><br>              v.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | Civil No. 14-1288 (PG)<br><br>(Crim. 10-355 (PG)) |

## OPINION AND ORDER

Petitioner, José Pérez-Pérez, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 10-355. (Docket No. 1.)

### I. BACKGROUND

Petitioner, along with ten codefendants, was charged in a multi-count indictment for various drug-related offenses, including conspiring in a drug conspiracy and possessing a firearm in furtherance of a drug trafficking crime. (Crim. No. 10-335, Docket No. 3.) After a four-day jury trial, Petitioner was found guilty on three counts of the indictment: conspiring to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§841 and 846; aiding and abetting in the attempt to possess with intent to distribute five kilograms of cocaine in violation of 21 U.S.C. §§841 and 846 and 18 U.S.C. §2; and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§924(c)(1)(A). (Docket No. 316.) On February 9, 2012, Petitioner was sentenced to a total of 180 months in prison. (Docket No. 440.) On May 22, 2007, Petitioner filed a notice of appeal. Upon review, the First Circuit affirmed petitioner's conviction and sentence. United States v. Pérez-Pérez, 2013 WL 1026412 (1st Cir. 2013). On May 20, 2013, the Supreme Court denied petitioner's writ of certiorari. Pérez-Pérez v. United States, 133 S.Ct. 2405 (2013). On April 4, 2014, Petitioner filed a § 2255 motion assisted by counsel. (Civ. No. 14-1288, Docket No. 1.) The government opposed. (Docket No. 6.)

## II. LEGAL STANDARD

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United

States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

### III. DISCUSSION

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The petitioner alleges several species of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a movant must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for his counsel's errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id.

**A.** *Counsel was not ineffective for failing to give Petitioner a written record of verbal plea offers*

Petitioner argues that counsel was ineffective for failing to present the two verbal plea offers tendered by the government in writing. Petitioner's claim is contradicted by the record.

The minutes of the status conferences held April 5, 2011, and May 2, 2011,

clearly reflect that Petitioner refused to accept the plea offers tendered by the government.

> Further Status Conference held. The parties advised the Court as to the status of this case… Counsel Carlos A. Vazquez for co-defendant Perez-Perez (11) informed that his client rejected the plea offer, and will exercise his right to jury trial.

(Crim. Docket No. 199 at 1.) Petitioner remained steadfast in his rejection of the government's plea offer. On May 2, 2011, counsel once again advised us that the Petitioner opted to exercise his right to jury trial:

> Further Status Conference held. The parties advised the Court as to the status of this case.… In regards co-defendant Perez-Perez (11) counsel Carlos Vazquez informed that his client rejected the plea offer, and will exercise his right to jury trial.

(Docket No. 225 at 1.) Here, Petitioner was offered the opportunity to plea twice before the start of trial and on both occasions firmly rejected the government's offers. Therefore, Petitioner's claim fails.

B. ***Counsel was not ineffective for failing to call a witness to testify***

Petitioner argues that counsel was ineffective because he failed to call one of his co-workers to testify on Petitioner's behalf. The decision to call — or not call — witnesses to

testify falls within the strategic discretion exercised by counsel. Petitioner's argument, therefore, is misplaced.

A defense lawyer must make reasonable investigations in the course of representation. Strickland, 466 U.S. at 691. However, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690; Cf. Raley v. Yist, 470 F.3d 792, 799 (9th Cir.2006) (a disagreement with counsel's tactical decisions does not provide the basis for declaring that the representation was constitutionally deficient); Bullock v. Carver, 297 F.3d 1036, 1047 (10th Cir. 2002) (same).

Here, counsel called several witnesses, including Petitioner, who testified on his own behalf. Petitioner's trial counsel made a tactical decision not to place on the witness stand the specific witness desired by Petitioner. This was a strategic decision, Hensley v. Roden, 755 F.3d 724, 737 (1st Cir. 2014) (in context of ineffective assistance of counsel claim, decision whether to call a particular witness is almost always strategic), and any disagreement that Petitioner now has does not provide grounds for a determination of ineffective assistance. Jewett v. Brady, 634 F.3d 67, 75 (1st Cir. 2011) (strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and represents sound trial strategy). Merely asserting displeasure that counsel did

not call a specific witness to testify is plainly insufficient. The petitioner's argument fails.

## IV. CERTIFICATE OF APPEALABILITY

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V. CONCLUSION

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion. (Docket No. 1.) Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of September, 2014.

                                            **S/ JUAN M. PÉREZ-GIMÉNEZ**
                                            **JUAN M. PÉREZ-GIMÉNEZ**
                                            **UNITED STATES DISTRICT JUDGE**